UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

LAKEN B. PINKERMAN, and
JACQUELINE ROWE, On Behalf of
Themselves and All Others Similarly
Situated,

     Plaintiffs,

v.

CARSON'S FOOD & DRINK #1, LLC,
and CARSON'S FOOD & DRINK, #2,
LLC,

     Defendants.

CLASS AND COLLECTIVE ACTION

CASE NO. 5:25-cv-00138-KKC

OPINION and ORDER

**\*\*\* \*\*\* \*\*\***

This matter is before the Court on the Plaintiffs' motion for preliminary approval of a Rule 23 settlement. (R. 59.) Defendants do not oppose the motion. (*Id*.) The Plaintiffs' unopposed Motion requests (1) certification of a Rule 23 settlement class for settlement purposes only; (2) appointment of Named Plaintiffs Laken B. Pinkerman and Jacqueline Rowe as Class Representatives for settlement purposes only; (3) appointment of Plaintiffs' counsel as Class Counsel for settlement purposes only; (4) preliminary approval of the Parties' Settlement, including the form and manner of notice; and (5) scheduling of a fairness hearing for final approval of the settlement. (R. 59 at 1–2.) The Plaintiffs' Motion is granted under the terms outlined below.

## I. BACKGROUND

### A. Named Parties

The Named Plaintiffs in this matter are Laken B. Pinkerman and Jacqueline Rowe. The Named Plaintiffs are former employees of the Defendants. They filed this action in their

individual capacity and on behalf of all others similarly situated. The Defendants are Carson's Food & Drink #1 LLC, and Carson's Food & Drink #2 LLC, ("Carson's").

### B. Claims

In their Complaint, the Named Plaintiffs assert that Carson's uniform pay practices violated the Kentucky Wages and Hours Act ("KWHA") and the Fair Labor Standards Act ("FLSA"). (R. 1.) Named Plaintiffs' claims arise out of uniform pay practices applied to Tip Credit Employees at Defendants' Carson's on Main and Carson's at Andover restaurants and Events at the Hudson event space, all of which are located in Lexington, Kentucky.

Defendants allegedly paid certain employees ("Tip Credit Employees"), including servers and bartenders, a tipped hourly wage less than the statutory $7.25 per hour minimum wage (and the statutory $10.88 per hour minimum overtime wage for hours worked over 40 in a workweek) and relied on the "tip credit" provisions of the FLSA and the KWHA to satisfy their statutory minimum wage obligations. (R. 1 ¶ 1.) Carson's allegedly violated wage laws affecting Tip Credit Employees by misusing the tip credit. Carson's allegedly illegal actions included requiring employees to perform both tipped and non-tipped work while paying subminimum wages, mandating tip-sharing with non-tipped staff and management, failing to compensate employees for certain event work, and maintaining an unlawful tip pool (R. 59-3 at 3).

As a result of these alleged practices, Named Plaintiffs contend that they and other Tip Credit Employees are owed unpaid and underpaid minimum and overtime wages. (*Id.* at 4.) In addition to lost wages, the Named Plaintiffs seek interest, liquidated damages, attorneys' fees, costs, and expenses. (*Id.*)

### C. The Proposed Settlement

The Parties have entered into a written Settlement Agreement that resolves all of the legal claims brought by the Named Plaintiffs against Carson's. (*Id.* at 3.) The Named

Plaintiffs propose a Settlement Class consisting of 194 Tip Credit Employees, including the Named Plaintiffs and current FLSA Plaintiffs who have already asserted claims in this action by filing FLSA consent forms pursuant to 29 U.S.C. § 216(b). (*Id.*)

The proposed Settlement provides compensation to Class Members in exchange for a release of claims. (*Id.*) The release is expressly limited to claims arising between April 21, 2022, and December 30, 2025, and applies only to FLSA claims asserted by individuals who have affirmatively opted in by filing a consent form or who submit a claim form during the notice period. (*Id.*)

The monetary terms of the proposed Settlement requires the Defendants to pay $750,000 as a common fund. (*Id.* at 5.) The common fund will cover all payouts and expenses, including: settlement payments to Settlement Claimants, payment of attorneys' fees and costs, Settlement Administration expenses, and Class Representatives' service awards. Defendants will cover, separately and over and above this amount, the employer share of any taxes and other employer-related withholdings. (*Id.*) Plaintiffs' counsel seek payment of one third of the fund for their fees. (*Id.*) The Named Plaintiffs will each receive $5,000 from the common fund as a general release and service payment. (*Id.*) Lastly, the Settlement Administrator's costs will be paid from the common fund. (*Id.*)

After all the above payments are issued, the Class Members who have opted in will receive a settlement payment from the remaining funds. (*Id.* at 6.) Half of each Settlement Claimant's settlement payment will be paid as wages subject to withholdings, and half as liquidated damages not subject to withholdings. (*Id.*)

## II.  CERTIFICATION OF SETTLEMENT CLASS

The Named Plaintiffs assert their state law claims on a class basis under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and other current and former servers who were subject to the challenged uniform pay practice. Rule 23 sets forth certain

requirements for the certification of a class action and requires that any dismissal or compromise of the action be approved by the Court.

The claims of "a class proposed to be certified for purposes of settlement" may be settled "only with the court's approval." Fed. R. Civ. P. 23(e). The parties must "provide the court with information sufficient to enable it to determine whether to give notice of the proposal to the class." Fed. R. Civ. P. 23(e)(1)(A). In reviewing the parties' submissions, the Court must decide two issues: (1) whether it will "likely be able" to "certify the class for purposes of judgment on the proposal,"; and (2) whether it will "likely be able to approve the proposal under Rule 23(e)(2)." Fed. R. Civ. P. 23(e)(1)(B)(i), (ii). If the answer to both questions is yes, the court must "direct notice" of the proposal to "all class members who would be bound" by it. Fed. R. Civ. P. 23(e)(1)(B). After preliminary approval, notice, and time for objections, the proposed settlement may be finally approved "only after a hearing and only on finding that it is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2).

The Plaintiffs filed their Motion for class certification for the purpose of finalizing a settlement of this matter. The requirements of Rule 23(a) and (b) must be satisfied before a court certifies a class for trial or for settlement-only purposes. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997). The party moving to certify the class has the burden of proving that class certification is appropriate. *In re Am. Med. Sys, Inc.*, 75 F.3d 1069, 1079 (6th Cir.1996). The Court must conduct a "rigorous analysis" of the elements of Rule 23 before certifying a class. *Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 161 (1982); *see also* Fed. R. Civ. P. 23. The standard is heightened when the certification is for the purpose of settlement. *See Int'l Union, United Auto., Aerospace, and Agric. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 625 (6th Cir.2007) (citing *Amchem Prods.*, 521 U.S. at 620).

4

### A.  Class Definition

"Before delving into the 'rigorous analysis' required by Rule 23, a court first should consider whether a precisely defined class exists and whether the named plaintiffs are members of the proposed class." *Nev.-Martinez v. Ahmad*, No. 5:15-cv-239-JMH, 2016 U.S. Dist. LEXIS 191052, at *7 (E.D. Ky. June 17, 2016) (internal citations omitted). Important elements of defining a class include: (1) specifying a particular group that was harmed during a particular time frame, in a particular location, in a particular way; and (2) facilitating a court's ability to ascertain its membership in some objective manner.  *Id*.

In their Motion, the Named Plaintiffs set forth the following proposed settlement class definition:

> All current and former Tip Credit Employees who worked for Defendants at their Carson's on Main restaurant, their Carson's at Andover restaurant, or Hudson event space in Lexington, Kentucky at any time from April 21, 2022, through December 30, 2025.

(R. 59-3 at 4.)

Under this definition, the Court will likely be able to certify the proposed Class. Both Named Plaintiffs would be members of the Class, as they worked at Carson's as Tip Credit Employees during the relevant timeframe. (*Id.*; *Reid v. White Motor Corp.,* 886 F.2d 1462, 1471 (6th Cir. 1989).) Further, this class definition provides an objective basis for determinizing class membership by specifying a particular group, timeframe, location, and job requirements. Because a precisely defined class exists, the Court will conduct a "rigorous analysis" of the Rule 23 factors. *Nev.-Martinez v. Ahmad*, 2016 Dist. LEXIS 191052, at *7.

### B.  Rule 23(a) Factors.

At this stage of proceedings, the Court must ensure that there is a basis to conclude that class certification is likely to be granted following a final approval hearing. *See* Fed. R. Civ. P. 23, Advisory Committee Notes to 2018 Amendments. Rule 23(a) provides that one or

more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). For the reasons that follow, the Named Plaintiffs have shown that Rule 23(a) is likely to be satisfied.

> **1) Numerosity.**

The numerosity requirement is satisfied when a class contains so many members that joinder of all would be impractical. Fed. R. Civ. P. 23(a)(1). "The numerosity requirement requires examination of the specific facts of each case and imposes no absolute limitations." *Gen. Tel. Co. v. EEOC*, 446 U.S. 318, 330 (1980). The Named Plaintiffs assert that the Settlement Class consists of 194 Tip Credit Employees. (R. 59-3 at 10.) Because joining 194 plaintiffs would be impractical, the proposed Settlement Class is sufficiently numerous to meet the Rule 23(a)(1) standard.

> **2) Commonality**

The Court must find that there are questions of law or fact common to the class. Fed. R. Civ. P. 23(a)(2). "The commonality test is qualitative rather than quantitative, that is, there need be only a single issue common to all members of the class.'" *In re Am. Med. Sys, Inc.*, 75 F.3d 1069, 1079 (6th Cir.1996) (internal quotations and citation omitted).

The Named Plaintiffs have sufficiently established that there are questions of law and fact common to all class members. Each of the Class Members covered by this Settlement worked for Defendants and were paid less than $7.25 per hour, plus customer tips under the tip credit provisions of the law. (R. 59-3 at 11.) Because the common question is whether Defendants paid Tip Credit Employees properly under the law, the commonality requirement is satisfied for preliminary approval purposes.

6

### 3) **Typicality**

The Court must also find that the claims or defenses of the representative parties are typical of the claims or defenses of the Class. Fed. R. Civ. P. 23(a)(3). "[A] plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory." *In re Am. Med. Sys., Inc.*, 75 F.3d at 1083 (citation omitted).

The Named Plaintiffs challenge common pay practices on behalf of themselves and other Tip Credit Employees at Carson's. (R. 59-2 at 12.) The Named Plaintiffs worked at the same locations and for the same employer as the Class Members. (*Id.*) Thus, whether or not Defendants properly paid the Named Plaintiffs and Class Members under the applicable law is a common question for all members of the Settlement Class. Based on the Named Plaintiffs' representations, the Court finds their claims are typical of those of the potential class members.

### 4) **Adequacy of representation**

The Court must find that the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(4). There are two criteria for determining this element: 1) the representatives must have common interests with the unnamed class members, and 2) it must appear that the representatives will vigorously prosecute the class action through qualified counsel. *Senter v. Gen. Motors Corp.*, 532 F.2d 511, 524–25 (6th Cir.1976).

In their motion, the Named Plaintiffs state that they and the Class Members share a common goal of challenging the Defendants' alleged unlawful pay practices and seek the same relief as the Class Members. (R. 59-3 at 12.) The Named Plaintiffs' interests are therefore sufficiently aligned with the Class Members to satisfy the first prong of the adequacy requirement.

The second prong looks at whether the Named Plaintiffs will vigorously pursue the class action through qualified counsel. *Senter* 532 F.2d 511 at 524–25. First, the Named Plaintiffs have demonstrated their ability to vigorously pursue the claims. They helped investigate and provide evidence, informed similarly situated employees, participated in mediation, reviewed proposals, and provided general assistance. (R. 59-3 at 13.) Accordingly, the Court will appoint the Named Plaintiffs as Class Representatives. The Court will use the terms Named Plaintiffs and Class Representatives interchangeably.

Second, the Named Plaintiffs have demonstrated that they have qualified counsel. Rule 23(g) of the Federal Rules of Civil Procedure sets forth the following criteria for determining whether this requirement is satisfied:

i.    the work counsel has done in identifying or investigating potential claims in the action;
ii.   counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
iii.  counsel's knowledge of the applicable law; and
iv.   the resources that counsel will commit to representing the class;

Fed. R. Civ. P. 23(g)(1)(A). The rule also directs that "[c]lass counsel must fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23 (g)(4).

In their Motion, the Class Representatives assert that they have retained experienced attorneys who specialize in complex class and collective action cases involving wage-and-hour litigation. (R. 59-3 at 13.) The Named Plaintiffs' counsel have led mediation and settlement efforts and have litigated similar cases in federal and state courts. (*Id.*) The Court finds that the Named Plaintiffs' counsel will fairly and adequately represent the interests of the class. Accordingly, the Court will appoint David W. Garrison, Joshua A. Frank, and Nicole A. Chanin, of Barrett Johnston Martin & Garrison, PLLC, and Jerome B. Prather of Garmer & Prather, PLLC as Class Counsel in this matter.

8

### C.  Rule 23(b)

Next, the Court turns to the type of class action involved. A class action may be maintained only if Rule 23(a) is satisfied and one of the types of class actions described in Rule 23(b) is established. The Named Plaintiffs assert that they have made a preliminary showing with respect to Rule 23(b)(3). A class action may proceed under Rule 23(b)(3) when the Court finds that:

> questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. . The matters pertinent to these findings include:
>
> > (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
> >
> > (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
> >
> > (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
> >
> > (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3). Rule 23(b)(3) is "framed for situations in which class-action treatment is not clearly called for," but "individual adjudications would be impossible or unworkable." *Modern Holdings, LLC v. Corning, Inc.*, 2018 WL 1546355, at *11 (E.D. Ky. Mar. 29, 2018) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 362 (2011)). To qualify under this provision, "a class must meet two requirements beyond the Rule 23(a) prerequisites: Common questions must 'predominate over any questions affecting only individual members' and class resolution must be 'superior to other available methods for the fair and efficient adjudication of the controversy." *Id*. at *12 (quoting *Amchem*, 521 U.S. at 615).  The Court agrees that the Named Plaintiffs have shown that Rule 23(b)(3) is likely to be satisfied.

### 1) Predominance

To meet the predominance requirement, a plaintiff must establish that issues subject to generalized proof and applicable to the class as a whole predominate over those issues that are subject to only individualized proof." *Id.* (quoting *Randleman v. Fid. Nat. Title Ins. Co.*, 646 F.3d 347, 352-53 (6th Cir. 2011)).

In their motion, the Named Plaintiffs assert that the case involves common pay practices applicable to the Class Members who were all paid the same way. (R. 59-3 at 14.) Here, the Class Members have common factual and legal questions regarding the legality of Carson's actions and the Members' compensation. These common issues predominate. Accordingly, the Class Representatives have sufficiently established that the predominance requirement of Rule 23(b)(3) is likely satisfied.

### 2) Superiority

In determining whether a class action is superior to other available methods for fairly and efficiently adjudicating the controversy, the Court should consider:

(A)  the class members' interests in individually controlling the prosecution or defense of separate actions;
(B)  the extent and nature of any litigation concerning the controversy already begun by or against class members;
(C)  the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
(D)  the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3).

Here, all Rule 23(b)(3) factors fall in favor of finding superiority. First, the Class Members have evidenced their interest to consolidate their claims into one action. To this end, the Tip Credit Employees assert their claims as FLSA Opt-In Plaintiffs in this action in an effort to bring them collectively, alongside other employees. Second, there are no other pending actions against the Defendants brought by or on behalf of Tip Credit Employees asserting the same claims. (*See* R. 59-3 at 15.) Third, concentrating the claims is desirable

10

because the Kentucky state law claims all stem from the common pay practices challenged in this action, and concentrating the claims in this action ensures that like claims are handled efficiently and identically. Fourth, because certification is sought for settlement purposes, there are no likely difficulties in managing the action. *See Amchem Prods. v. Windsor,* 521 U.S. 591, 641 (1997) ("Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems."). Accordingly, the Court finds that the Named Plaintiffs have sufficiently established the superiority requirement.

After a thorough analysis of the Rule 23 requirements, the Court will preliminarily certify the Class for settlement purposes only.

## III.   PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT

Once a class has been approved, the Court may approve a settlement that will bind class members "only after a hearing and on finding that it is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2).  The procedure for approving a class action settlement includes three steps: (1) the court must preliminarily approve the settlement; (2) the class members must be given notice of the proposed settlement; and (3) the court must hold a hearing to determine whether the proposed settlement is fair, reasonable and adequate. *Tenn. Ass'n of Health Maint. Orgs., Inc. v. Grier*, 262 F.3d 559, 565–66 (6th Cir. 2001).

Several factors guide the inquiry of whether the settlement is fair, reasonable and adequate: (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest. *UAW v. GMC*, 497 F.3d 615, 631 (6th Cir. 2007). In this case, the *UAW* and Rule 23(e)(2) factors support preliminary approval.

11

First, "Courts presume the absence of fraud or collusion in class action settlements unless there is evidence to the contrary." *Thacker v. Chesapeake Appalachia, L.L.C.*, 695 F. Supp. 2d 521, 531 (E.D. Ky. 2010). The parties have engaged in extensive motion practice. The parties exchanged documents and participated in a mediation hosted by Micheal Russell, a neutral third-party mediator who is experienced with these types of claims. Throughout this litigation, no allegation of fraud or collusion has ever been made against the parties. Further, the Motion asserts that the Settlement is the product of "lengthy, arm's length negotiations." (R. 59-3 at 9.)  Accordingly, the evidence before the Court indicates that the risk of fraud or collusion is nonexistent.

Second, the complexity, expense, and likely duration of the litigation evidences the proposed settlement's reasonableness. The Court notes that wage and hour class and collective actions, such as this, are inherently complex and time-consuming. *See Fox v. Team Goliath, Inc.,* No. 5:19-cv-195-JMH, 2021 U.S. Dist. LEXIS 262958, at *17 (E.D. Ky. Dec. 29, 2021); *Daoust v. Maru Rest., LLC*, No. 17-cv-13879, 2019 WL 2866490, at *2 (E.D. Mich. July 3, 2019); *Brandenburg v. Cousin Vinny's Pizza, LLC*, No. 3:16-cv-516, 2019 U.S. Dist. LEXIS 204371 at *10 (S.D. Ohio Nov. 25, 2019). The present action presents hybrid class and collective wage-and-hour claims, adding to the complexity of continued litigation. This factor supports approving the proposed settlement.

Third, substantial discovery has been completed. The Class Represntatives assert that "the parties had, in addition or the essential data and information for damages calculations, a strong grasp of the operative facts and controlling law." (R. 59-3 at 18.) Because the Class Representatives' Motion sufficiently evidences the Parties' understanding of the case, this factor is satisfied.

Fourth, the Class Representatives' Motion asserts that the likelihood of success on the merits favors approval. They assert that "success on the merits is by no means certain for

12

either party," and they acknowledge that "litigation inherently involves risks." (*Id.*, citing *In re Painewebber Ltd. P'ships Litig.*, 171 F.R.D. 104, 126 (S.D.N.Y. 1997).) Approving settlement here would provide substantial and certain compensation to the Class Members. This factor is satisfied.

Fifth, the Named Plaintiffs and their counsel favor approval. As previously noted, the Plaintiffs have experienced counsel. Their counsel believes that settlement in this case, and the terms of the proposed settlement, are fair. This Court, in accordance with Sixth Circuit precedent, recognizes that class counsel and the class representatives may compromise their demand for relief in order to obtain substantial assured relief for the plaintiffs' class, and that the court should defer to the judgment of experienced counsel. *Williams v. Vukovich*, 720 F.2d 909, 922–23 (6th Cir. 1983). Accordingly, this factor weighs heavily in favor of approval.

Sixth is the reaction of absent class members. The Court will address this factor following the close of the notice period and before it approves a final settlement.

Seventh, the settlement is in the public interest because "the law generally favors and encourages settlement of class actions." *Franks v. Kroger Co.*, 649 F.2d 1216, 1224 (6th Cir. 1981). This case proves no different. Approving this settlement will preserve judicial resources and will further the public policy goals of the FLSA and KWHA.

Additionally, the Court must ensure that the distribution of the settlement proceeds is equitable, meaning that the settlement does not treat the Class Members unfairly. "Fairness calls for a comparative analysis of the treatment of class members vis-a-vis each other and vis-a-vis similar individuals with similar claims who are not in the class." Federal Judicial Center, Manual for Complex Litigation 315 (4th ed.2004); *see also* Fed. R. Civ. P. 23(e)(2)(D).

The Class Representatives' Motion sets forth the settlement calculations. (*See* R. 59-3 at 5–8.) The Court approves the method of calculation and proposed distribution of

settlement payments as fair and equitable. The total Settlement Award Fund is $750,000. Each Class Member is provided a minimum $25.00 recovery, with the remaining funds allocated on a *pro rata* basis. (R. 59-3 at 19.) The Class Counsel will receive one-third of the Settlement Award Fund, and the Settlement Administrator will be paid for their expenses from the Fund. (*Id.* at 5.) The Class Representatives will each receive a $5,000 payment in exchange for a release. (*Id.* at 20.)

At this point, the Court does not find any grounds to doubt the fairness of the proposed settlement. Nor does the Court find any other obvious deficiencies in the settlement, and it appears to fall within the range of possible approval. The proposed Settlement does not provide for unduly preferred treatment of the Class Representatives, and the attorneys' compensation does not appear to be excessive. Because of this, the Court concludes that the proposed Settlement is fair, reasonable and adequate. *UAW v. GMC*, 497 F.3d 615, 631 (6th Cir. 2007); Fed R. Civ. P. 23(e)(2). Accordingly, the Court will preliminarily approve the proposed Settlement Agreement, will schedule a formal Fairness Hearing, and will direct that notice of the hearing be given to Class Members.

### IV.   APPROVAL OF FORM AND MANNER OF NOTICE

#### A.  The Proposed notice comports with Rule 23(e)

Next, the Court must review the form and manner of the parties' proposed procedures for notifying potential class members of the settlement and the formal fairness hearing. Rule 23 (c)(2)(B) requires the Court to "direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Regarding class action claims that are settled, the Parties must provide "direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1). Notice must include the following, in "plain, easily understood language:"

    i. The nature of the action;
    ii. The definition of the class certified;
   iii. The class claims, issues or defenses;
   iv. That a class member may enter an appearance through an attorney if the member so desires;
    v. That the court will exclude from the class any member who requests exclusion;
   vi. The time and manner for requesting exclusion; and
  vii. The binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

In this case, the proposed Notice is to be individually mailed, emailed, and sent via Short Message Service (SMS)/text message to the Class Members at their last mailing address, email address, and telephone number known to Defendants, who are either their current or former employer. (R. 59-3 at 23.) The Settlement Administrator can also attempt to find contact information for Plaintiffs for whom the Notice is returned as undeliverable. (*Id.*) The notice period is 90 days from the date the Notice is sent. (*Id.* at 8.)

The form of the noticed proposed provides essential information concerning the nature of the class action, defines the class, describes the benefits that are available to class members, explains how to make a claim, and explains claimants' rights to object or opt out. (R. 59-1 at 25–28.)

Based upon these representations, the Court finds that the proposed form and manner of notice is the best notice practicable under the circumstances. The Court further finds the proposed 90-day timeline reasonable. The information detailed in the proposed Notice is adequate to put the Class Members on notice of the proposed Settlement and satisfies the requirement of Rule 23(e)(1).

**B. The Proposed Notice Comports with 29 U.S.C. § 216(b)**

The FLSA permits plaintiffs to "litigate federal minimum-wage and overtime claims on behalf of other 'similarly situated' employees." *Clark v. A&L Homecare & Training Ctr.*, *LLC*, 68 F.4th 1003, 1007 (6th Cir. 2023) (quoting 29 U.S.C. § 216(b)). However, under §

15

216(b), "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." Accordingly, "unlike a Rule 23 class action, an FLSA collective action is not representative—meaning that 'all plaintiffs in an FLSA action must affirmatively choose to become parties by opting into the collective action.'" *Clark*, 68 F.4th at 1009 (*quoting Canaday v. Anthem Cos.*, 9 F.4th 392, 402 (6th Cir. 2021)). Potential plaintiffs typically "come to learn about the existence of an FLSA suit" through court-facilitated notice. *Id.* at 1007. In *Clark*, the Sixth Circuit adopted a standard for "the showing ... that is necessary for a district court to facilitate notice." *Id.*

Under *Clark*, plaintiffs seeking court-facilitated notice must show a "strong likelihood that those employees are similarly situated to the plaintiffs themselves." *Id.* at 1011. This standard "requires a showing greater than the one necessary to create a genuine issue of fact, but less than the one necessary to show a preponderance." *Id.* "Whether other employees are similarly situated for the purpose of joining an FLSA suit typically depends on whether they performed the same tasks and were subject to the same policies—as to both timekeeping and compensation—as the original plaintiffs were." *Id.* at 1010 (citing *Pierce v. Wyndham Resorts, Inc.*, 922 F.3d 741, 745-46 (6th Cir. 2019)).

In this matter, the potential opt-in plaintiffs are similarly situated to the named plaintiffs because they performed the same role and were subject to the same alleged FLSA-violating pay practices. Specifically, the plaintiffs assert that they worked in the same position and that the defendants had a policy of improperly compensating employees. The plaintiffs have demonstrated a strong likelihood that the potential opt-in plaintiffs are similarly situated for purposes of issuing notice under § 216(b). As a result, the notice plan

16

will be approved, and the parties will be directed to begin providing notice according to dates and deadlines set forth in the Settlement.

## V. ATTORNEY'S FEES, COSTS, AND SERVICE AWARDS

### A. Attorney's Fees Under the FLSA

As explained above, the Settlement's attorney's fees award is reasonable for the purposes of Rule 23. "An award of attorney fees to a prevailing plaintiff under [29 U.S.C. § 216(b)] of the FLSA is mandatory, but the amount of the award is within the discretion of the judge." *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994). Courts must award reasonable attorney fees. *Id.* The common-fund approach can be appropriate in cases involving settlement funds paid to an FLSA collective and a Rule 23 class. *See Doe v. Déjà Vu Consulting, Inc.*, 925 F.3d 886, 898 (6th Cir. 2019). For the same reasons the Court found the attorney's fees award reasonable under Rule 23, the Court likewise finds the one-third common-fund award reasonable under the FLSA.

### B. Costs

The Settlement also states that the common fund will cover costs and administrative expenses. (R. 59-3 at 5.)  Like attorney's fees, an award of costs to prevailing parties is mandatory under the FLSA. 29 U.S.C. § 216(b). The Named Plaintiffs assert that the costs born will relate to paying the Settlement Administrator, sending the settlement notice, processing claim forms, issuing settlement payments, and administering the remainder of the settlement.  (R. 59-3 at 5.) Here, the projected costs appear reasonable for purposes of preliminary approval.

### C. Service Awards

The Settlement provides for $5,000 service awards to Pinkerman and Rowe for their efforts as Class Representatives. (R. 59-3 at 20.) The service award also acts as a general release. (*Id.*) "The Sixth Circuit has not outlined a clear cut rule regarding the propriety of

service awards in common fund cases, but it has repeatedly cautioned that such incentive awards should not serve as mere 'bounties' that named plaintiffs should expect to receive in exchange for little commitment and a quick settlement that may not align with the interests of unnamed plaintiffs." *Ware v. CKF Enters., Inc.*, Civil Action No. 5: 19-183-DCR, 2020 U.S. Dist. LEXIS 82879 at \*17 (E.D. Ky. May 12, 2020) (citing *Shane Group, Inc. v. Blue Cross Blue shield of Michigan*, 825 F.3d 299, 311 (6th Cir. 2016); *In re Dry Max Pampers Litig.*, 724 F.3d 713, 722 (6th Cir. 2013); Hadix v. Johnson, 322 F.3d 895, 897-98 (6th Cir. 2003)).

Here, the service awards appear reasonable. The Class Representatives initiated the action, have participated in the litigation thus far, and have assumed certain recognized risks and potential stigma by suing their employer. (R. 59-3 at 13.) Accordingly, the Court finds that the $5,000 service awards are reasonable.

## VI.  CONCLUSION

For these reasons, the Court hereby **ORDERS** as follows:

1) The Named Plaintiffs' unopposed Motion (R. 59) to certify this action as a class action is **GRANTED.** This matter is **PRELIMINARILY CERTIFIED** as a class action for settlement purposes only on behalf of the following class:

> All current and former Tip Credit Employees who worked for Defendants at their Carson's on Main restaurant, their Carson's at Andover restaurant, or Hudson event space in Lexington, Kentucky at any time from April 21, 2022, through December 30, 2025.

2) Named Plaintiffs Laken B. Pinkerman and Jacqueline Rowe are **APPOINTED** as the Class Representatives for settlement purposes only.

3) David W. Garrison, Joshua A. Frank, and Nicole A. Chanin, of Barrett Johnston Martin & Garrison, PLLC, and Jerome B. Prather of Garmer & Prather, PLLC are **APPOINTED** as Class Counsel for settlement purposes only.

18

4) The Parties' proposed Settlement is **PRELIMINARILY APPROVED**.

5) The attorney's fees, costs, and service awards provided for in the proposed Settlement are **PRELIMINARILY APPROVED**.

6) The proposed Notice plan is **APPROVED**.

    a.  ILYM Group, Inc. is **APPOINTED** as Settlement Administrator to perform the functions and duties of Settlement Administrator as defined in the Settlement Agreement.

    b. The Settlement Administrator, ILYM Group, Inc., is **DIRECTED** to distribute notice in accordance with the notice plan.

    c. Class Counsel **SHALL FILE** a copy of the agreement with the Settlement Administrator.

    d. Class Counsel **SHALL FILE** an affidavit identifying the persons to whom notice has been mailed and the persons who have opted out of the settlement; the persons who have objected to the settlement; and the persons who have given notice of intent to appear at the Fairness Hearing no later than fourteen (14) days prior to the Fairness Hearing.

    e. Class Counsel **SHALL FILE** in the record a copy of all objections to the Settlement.

7) A Fairness Hearing is scheduled for October 22, 2026, at 1:00 p.m. at the United States Courthouse in Lexington, Kentucky.

8) Class Counsel **SHALL FILE** a motion for final approval of the settlement and a motion for payment of attorneys' fees, costs, and expenses no later than fourteen (14) days prior to the Fairness Hearing.

19

This 21st day of May, 2026.



**Signed By:**

*Karen K. Caldwell*

**United States District Judge**